UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERKAN TAHA YUKSEL,<br><br>  Petitioner,<br><br>  v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>  Respondents. | CASE NO. C26-0466JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Petitioner Berkan Taha Yuksel's petition for writ of habeas corpus under 28 U.S.C. § 2241 and request for injunctive relief. (Pet. (Dkt. # 1); Traverse (Dkt. # 7).) The Government[1] opposes the petition. (Return (Dkt. # 4).) The

---

[1] Respondents are Acting Director of the Seattle Field Office of United States Immigration and Customs Enforcement ("ICE") Camilla Wamsley, Secretary of the United States Department of Homeland Security ("DHS"), United States Attorney General Pamela Bondi, and DHS (collectively, the "Government"). (Pet. ¶¶ 16, 18-20.)

ORDER - 1

court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the petition.

## II.    BACKGROUND

Petitioner is a citizen of Turkey presently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Pet. ¶¶ 15, 21.) Petitioner initially sought entry into the United States on October 29, 2023, near Tecate, California. (Booth Decl. (Dkt. # 5) ¶ 4; Steveson Decl. (Dkt. # 6), Ex. A (I-213).) DHS placed him briefly in federal custody before, on November 1, 2023, (1) issuing him a Notice to Appear setting an initial hearing date in immigration court for February 2, 2026, in Newark, New Jersey, and (2) releasing him on an Order of Recognizance. (Booth Decl. ¶ 5; Steveson Decl., Ex. B (Notice to Appear).)

On June 12, 2024, Petitioner timely applied for withholding of removal and asylum. (Booth Decl. ¶ 6.) He later successfully moved to change venue. (*See id.* ¶ 8 (stating that the venue was changed to "Phoenix").) On October 10, 2025, a Phoenix immigration judge (1) set an individual hearing for Petitioner for April 11, 2028, and (2) issued an order directing Turkey as the country of removal. (*Id.* ¶ 10.)

The Government represents that on January 18, 2026, the police of Thompson Falls, Montana, contacted United States Border Patrol ("Border Patrol") about Petitioner because the police believed Petitioner was "in the United States illegally" and, a few days later, Border Patrol orchestrated a traffic stop to re-detain Petitioner. (*Id.* ¶ 11.) On January 21, 2026, Border Patrol re-detained Petitioner and transferred him to NWIPC,

where he has since remained.  (*Id*. ¶ 12.)  On February 3, 2026, the Tacoma Immigration Court denied Petitioner's request for bond during a bond hearing.  (*Id*. ¶ 14.)

On February 9, 2026, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C § 2241.  (Pet.)  Petitioner asserts that the Government violated his Due Process rights under the Fifth Amendment by re-detaining him under these circumstances.  (*Id*. ¶¶ 42-44.)  Petitioner seeks three forms of relief: (1) an order prohibiting the Government from transferring Petitioner out of this district during the pendency of the court's adjudication of the petition; (2) Petitioner's immediate release from custody and an order permanently enjoining his re-detention during the pendency of his removal proceedings absent written notice and a hearing prior to re-detention; (3) a declaration that the Government's re--detention of Petitioner during the pendency of his removal proceedings without first providing an individualized determination before a neutral decisionmaker violates the Due Process Clause of the Fifth Amendment; and (4) an award for attorneys' fees and cost under the Equal Access to Justice Act.  (*Id*. at 8-9.)  The petition is fully briefed and ripe for the court's consideration.

### III.    ANALYSIS

The court addresses each of Petitioner's requests for relief in turn.

**A.    The Government's Re-detention of Petitioner is Unlawful.**

The INA permits detention of noncitizens present in the United States during immigration proceedings.  8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Although § 1225(b) requires mandatory detention for certain noncitizens "seeking entry" into the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018), all persons, regardless of

their immigration status, are entitled to due process under the Fifth Amendment, *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Thus, even when the government believes it has a lawful basis for detaining a noncitizen, it remains subject to the requirement to effectuate that detention in a manner that comports with due process. *See Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law."); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320 (W.D. Wash. 2025) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)).

DHS has the authority to re-detain a noncitizen previously permitted discretionary entry into the United States only when there has been a change in circumstances since the individual's initial release. *See* 8 U.S.C. § 1226(b); 8 C.F.R. § 236.1(c)(9) (listing the persons authorized to revoke discretionary release); *see also Panosyan v. Mayorkas*, 854 F. App'x. 787, 788 (9th Cir. 2021) ("Thus, absent changed circumstances . . . ICE cannot re-detain [petitioner]."); *Matter of Sugay*, 17 I&N Dec. 647, 640 (B.I.A. 1981) (providing that courts consider a noncitizen's "reinvolvement with the criminal justice system" to be one basis for the Government to revoke discretionary release). Additionally, any change in circumstances must be "material." *Saravia v. Barr*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

1    The Due Process Clause also proscribes the Government's authority to arrest a
2    noncitizen and revoke their release because it is well-established that individuals released
3    from detention have a liberty interest in their freedom. *Mathews*, 424 U.S. at 332. To
4    protect that interest, due process requires notice and a hearing, prior to any re-detention,
5    at which hearing the individual is afforded the opportunity to advance their arguments as
6    to why their release should not be revoked. *Id*. at 333.
7    Here, the court concludes that the Government's re-detention of Petitioner does
8    not comport with the requirements of due process. It is undisputed that Petitioner has no
9    criminal history in the United States and, since entering the United States in October
10   2023, has complied with all requirements and procedures set forth by DHS and the
11   immigration judge. (*See generally* Pet.; Return; Booth Decl. ¶¶ 5-10 (documenting
12   Petitioner's history of compliance with all immigration court and DHS orders, including
13   appearing for all hearings before an immigration judge, applying for asylum, and moving
14   to change venue).) Furthermore, the Government does not allege that they (1) re-
15   detained Petitioner due to changed circumstances, (2) acted at the direction of persons
16   authorized to revoke Petitioner's release, or (3) prior to re-detaining Petitioner, provided
17   him with notice and an opportunity to refute any evidence related to efforts to re-detain
18   him. (*See generally* Return.) In fact, curiously, the Government represents that, although
19   Petitioner complied with the conditions of his discretionary release on recognizance for
20   more than two years, a surreptitious and enigmatic request by the police in Thompson
21   Falls, Montana, gave rise to his re-detention. (Booth Decl. ¶ 11 (stating that the police
22   believed Petitioner was "in the United States illegally" and contacted DHS agents to

arrest him but providing no foundation for that belief).)  Thus, it is abundantly clear to the court that the Government re-detained Petitioner in a manner and for reasons that do not comply with the procedural requirements of the Fifth Amendment.

In response, the Government asserts that because Petitioner is subject to mandatory detention under § 1225(b)(2), his re-detention is lawful.  (Return at 4-5.)  The court rejects this argument.  Regardless of the reason for Petitioner's detention, the Government remains subject in all respects to an obligation to "effectuate [petitioner's] detention in a manner that comports with due process."  *See E.A. T.-B.*, 795 F. Supp. 3d at 1322.

Therefore, the court declares that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.[2]

**B.    Request for an Order Prohibiting Re-detention Absent Adequate Procedure**

Petitioner also seeks an order permanently enjoining his re-detention during the pendency of his removal proceedings absent written notice and a hearing prior to re-detention.  (Pet. at 8.)  The Due Process Clause protects Petitioner, a person within the United States, from unlawful detention resulting from the denial of adequate procedural protections.  *See Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  Thus, prior to re-detaining him, the

---

[2] Because the court determines that the Government's re-detention of Petitioner is unlawful and orders the immediate release of Petitioner, it declines to issue an order prohibiting the Government from transferring Petitioner out of this district during the pendency of the court's adjudication of the petition.

1 | Government must provide Petitioner with notice and an opportunity to be heard before a
2 | neutral decisionmaker. *Romero v. Kaiser*, No. 22-cv-02508, 2022 WL 1443250, at *2
3 | (N.D. Cal. May 6, 2022) ("[T]his Court joins other courts of this district facing facts
4 | similar to the present case and finds Petitioner raised serious questions going to the merits
5 | of his claim that due process requires a hearing before an IJ prior to re-detention."); (Pet.
6 | ¶ 5 (compiling cases in this District so holding)).

**C.    Request for Attorneys' Fees and Cost.**

Petitioner may file a fee petition as set forth in the Equal Access to Justice Act, 28 U.S.C. § 2412.

//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the reasons above, the court GRANTS the petition for writ of habeas corpus (Dkt. # 1). The court ORDERS as follows:

(1) Respondents are ORDERED to immediately release Petitioner from custody;

(2) Respondents are ORDERED to file, by no later than **48 hours** after the issuance of this order, an affidavit confirming that Petitioner has been released from custody; and

(3) Respondents are ORDERED, during the pendency of Petitioner's removal proceedings, to provide Petitioner and his counsel written notice and a hearing prior to re-detention.

Dated this 9th day of March, 2026.

JAMES L. ROBART
United States District Judge